1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Zane Kane,

         Plaintiff,

v.

Maricopa Police Department, et al.,

         Defendants.

No.  CV 23-01969-PHX-KML-ASB

**REPORT AND RECOMMENDATION**

**TO HON. KRISSA M. LANHAM, UNITED STATES DISTRICT JUDGE:**

Recently, the Court issued two Orders to Show Cause as to Plaintiff:  first, for Plaintiff's failure to serve Defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, and Burns (Doc. 42), and second, for Plaintiff's failure to serve the final party listed in his Complaint, who was described as "Wexford Health medical professional on duty (unnamed female) 7/1/23 Richard Meloche Director" (Doc. 1 at 7).  Plaintiff responded to neither Order, and this Report and Recommendation follows.

## I.   BACKGROUND

Plaintiff filed the instant *pro se* civil rights action on September 19, 2023.  (Doc. 1.)  In his Complaint, Plaintiff named the following defendants in the caption:  Maricopa Police Department, Pinal County Sheriffs, and Pinal County Detention Center.  (Doc. 1 at 1.)  When he listed the individual defendants in the body of his Complaint, however, those entities were not listed.  (*See id.* at 2, 7.)  Rather, Plaintiff enumerated the following

defendants: Maricopa Police Department Officer Louis; Maricopa Police Department Sergeant Ewald; Maricopa Police Department Corporal Benoit; Maricopa Police Department Officer Chavez; Maricopa Police Department Nolasco; Maricopa Police Department Officer Burns; Pinal County Sheriff's Office Sergeant J. Morales; Pinal County Sheriff's Office Sergeant J. Alcantar; Pinal County Sheriff's Office Detention Officer D. Austin; Pinal County Sheriff's Office Detention Officer K. Rice; and the individual described as "Wexford Health medical professional on duty (unnamed female) 4/1/23 Richard Meloche Director." (*Id.*)  In the Complaint, Plaintiff included four counts of alleged violations of his constitutional rights when he was in the custody of the above-referenced law enforcement agencies. (*Id.* at 3-5, 8.)  The Complaint did not specify which counts were alleged as to which defendants. (*See id.*)

In an Order filed September 27, 2023, the previously-assigned District Judge observed that because Plaintiff was no longer in custody, the Court had no authority to screen the Complaint under 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A. (Doc. 4.)  In that Order, the Court ordered Plaintiff "to serve each Defendant or seek a waiver of service for each Defendant." (*Id.* at 1.)  The Court further ordered, "If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m)." (*Id.* at 2.)  On December 7, 2023, a declaration of service as to "MARICOPA POLICE DEPARTMENT c/o Chief of Police Mark Goodman"[1] was filed. (Doc. 5.)  The declaration indicated Chief Goodman was the individual who accepted service. (*Id.*)

Defendant Maricopa Police Department moved to dismiss the claims against it for lack of personal jurisdiction because Plaintiff did not timely serve it with a summons and

---

[1] The declaration listed Officers Louis, Edward, Benoit and Chavez (albeit with a typographical error and reflecting the latter's name as "Chave") behind Chief Goodman's name. (Doc. 5.)  However, the declaration did not indicate that any of those four named defendants were served, and as will be discussed *infra*, no proof of service on them was filed.

complaint. (Doc. 13.) After the Motion was fully briefed, the previously-assigned District Judge considered Rule 4(m) of the Federal Rules of Civil Procedure and found that Plaintiff had "shown he made reasonable efforts to effect service, which supports a good cause finding." (Doc. 36 at 2-4.) The Court further acknowledged Maricopa Police Department's argument that Chief Goodman was not an authorized agent to accept service on its behalf, and the Court assumed the Plaintiff had not effected proper service. (*Id.* at 4.) Because Plaintiff had shown good cause for his failure to timely and properly serve, the Court denied the Motion and ordered Plaintiff to serve Maricopa Police Department within 30 days from the date the Order was entered. (*Id.* at 4-5.) The Order was dated May 15, 2024 and filed May 16, 2024. (Doc. 36.)

In a motion filed July 12, 2024, Plaintiff sought leave to amend his Complaint and 30 additional days to serve Defendant Maricopa Police Department "and any other defendants." (Doc. 38.) To support his request for additional time, Plaintiff asserted that he had encountered "difficulty affording the cost of making additional payments to process servers." (*Id.* at 2.) The Court noted that service had been outstanding for many months by that point in time, but the Court briefly extended time for service on Maricopa Police Department until August 21, 2024. (*Id.* at 3.) In so doing, the Court observed that the new due date was over two months past the deadline set in the District Judge's May 2024 Order. (*Id.*) The Court further noted that Plaintiff had failed to identify any other defendants for whom he sought an extension of time to serve and denied the Motion as to defendants other than Maricopa Police Department. (*Id.* at 2-3.)

On September 3, 2024, the Court issued an Order to Show Cause as to why the claims against Defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, and Burns should not be dismissed for lack of service under Rule 4(m). (Doc. 42.) On September 13, 2024, the Court ordered Plaintiff to show cause why his claims against the individual described as "Wexford Health medical professional on duty (unnamed female) 7/1/23 Richard Meloche Director"[2] should not be similarly dismissed

---

[2] A review of the Complaint shows Plaintiff listed that individual as described, but

for lack of service.  (Doc. 43.)  The Court noted that it had previously denied Plaintiff's motion to compel the Marshals Service to identify that unnamed party, but it had "explained to Plaintiff the action required to further address that unnamed defendant." (*Id.* at 1.)  The docket in this matter reveals Plaintiff took no further action to serve that individual, and Plaintiff filed nothing in response to either Order to Show Cause.  The time to respond to the show cause orders has passed.

Against that backdrop, undersigned addresses Plaintiff's failure to serve Defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and the individual described as "Wexford Health medical professional on duty (unnamed female) 4/1/23 Richard Meloche Director" in his Complaint.  Undersigned notes that this Report and Recommendation does not address the Pinal County Defendants' pending Motion to Dismiss. (Doc. 34.)  In her May 2024 Order, the previously-assigned District Judge stayed a ruling on that Motion.  (Doc. 36 at 5.)  Undersigned notes that Plaintiff was afforded additional time to respond to the Motion to Dismiss (*see id.*) but failed to do so.  In that Order, the District Judge reminded Plaintiff that failure to respond to the Motion to Dismiss could result in the Court summarily granting the Motion under LRCiv 7.2(i).

## II.    ANALYSIS

### A.  Applicable Law

In this action, Rule 4 of the Federal Rules of Civil Procedure governs the time limit for service of a complaint.  That Rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, the question before the Court is whether Plaintiff has shown good cause for the failure to timely serve Defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and the unnamed Wexford Health medical professional.  If good

---

with a date of 4/1/23, as opposed to 7/1/23.  (Doc. 1 at 7.)  Thus, the Court's listing the individual with the date of 7/1/23 was a typographical error.

cause is shown, time must be extended. *Id.*

In the Ninth Circuit, "[a]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (brackets in original) (internal quotation marks and citations omitted). Negligence and ignorance of the Rules is not good cause. *See Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320-21 (9th Cir. 1987). When determining whether a plaintiff has shown good cause, the Court has broad discretion, and there is no specific test to apply. *In re Sheehan*, 253 F.3d at 513. However, the Court can consider whether a plaintiff has shown: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 512 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). The Court may also consider whether service was eventually effectuated. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Rule 4 provisions should be given a liberal and flexible construction. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Public policy favors resolution of matters on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, the Court's discretion under Rule 4(m) is not "limitless." *Efaw*, 473 F.3d at 1041.

## B. Analysis

Here, Plaintiff has not responded to either Order to Show Cause. Arguably, the Court's inquiry could end there because Plaintiff has made no discernible effort to demonstrate good cause for his failure to serve Defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and the unnamed Wexford Health medical professional. In order to provide a more complete analysis for the District Judge, however, undersigned will glean what information is apparent from the record before it. Regarding the unnamed Wexford Health professional, Plaintiff filed a motion to compel the Marshals Service to assist him in identifying that person. (Doc. 28.) For reasons explained by the Court in a previous Order, that Motion was not well-taken. (Doc. 30.) Regarding Marcipoa Police Department, the previously-assigned District Judge already analyzed Plaintiff's lack of service once and *sua sponte* permitted Plaintiff additional time to serve. (Doc. 36.) In that Order, the Court laid out the applicable law and what constitutes good cause. (*See id.*)

1    Thus, Plaintiff has been aware of the ongoing requirement to serve and the standard the

2    Court looks to when determining good cause.

3            The only information the Court derives from the record related to Plaintiff's failure

4    to serve after the Court's May 2024 Order comes from Plaintiff's most recent filing, filed

5    July 12, 2024.  In that Motion, Plaintiff indicated that he was experiencing financial

6    hardship.  (Doc. 38 at 2.)  He requested additional time to serve Maricopa Police

7    Department and "remaining defendants." (*Id.* at 1-2.)  He did not specify which defendants

8    he believed were "remaining defendants," which was significant given the inconsistency

9    with which he has named defendants, as detailed *supra*.  Plaintiff indicated he would need

10   30 additional days to serve.  (*Id.* at 2.)  After discussing the history of this case, the Court

11   provided him with 14 days.  (Doc. 41.)  No further activity by Plaintiff appears on the

     docket.

12           After carefully considering the record and the applicable case law, the Court cannot

13   conclude good cause has been shown.  There is no indication from the docket that the

14   individually-named defendants (Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and the

15   unnamed Wexford Health professional) have actual notice of this action.  Defendant

16   Maricopa Police Department has actual notice.  At this juncture, the matter has been

17   pending over a year and the Court has nothing before it that would indicate service is

18   forthcoming.  In short, this matter (as it relates to the defendants listed in the orders to show

19   cause) is no further along than it was when it was filed over a year ago.  Delay of this

20   magnitude may result in prejudice to defendants' ability to effectively defend against

21   claims made against them. *See Efaw*, 473 F.3d at 1041 (finding delay, albeit significantly

22   longer than one year, could result in prejudice to defendants).  Plaintiff has not responded

23   to either order to show cause to indicate that he will be prejudiced by dismissal.  In

24   recommending dismissal for lack of service, undersigned recognizes Plaintiff's stated

25   financial hardship and that public policy favors resolution on the merits.  However, Plaintiff

26   has failed to make any effort to show good cause, and the time for service passed months

27   ago.  On the record before it, undersigned will recommend to the District Judge that

28   Defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, Burns,

6

and the unnamed Wexford Health medical professional be dismissed from this action without prejudice for lack of service.

## III.   RECOMMENDATION

For the foregoing reasons, undersigned will recommend dismissal of Defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and the unnamed Wexford Health medical professional for failure to serve pursuant to Rule 4(m).

**IT IS RECOMMENDED** that the Court find Plaintiff has failed to show good cause for failure to serve Defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and the individual described as "Wexford Health medical professional on duty (unnamed female) 4/1/23 Richard Meloche Director" in the Complaint and enter an order dismissing those defendants from this action without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

Dated this 18th day of October, 2024.

Honorable Alison S. Bachus
United States Magistrate Judge