JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zane Kane, | No. CV-23-01969-PHX-KML (ASB) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa Police Department, et al., | |
| Defendants. | |

Plaintiff Zane Kane brought this pro se civil rights action under 42 U.S.C. § 1983 against the Maricopa Police Department; Maricopa Police Officers Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and Morales; the Pinal County Sheriff's Office; the Pinal County Detention Center (PCDC); Pinal County Sheriff's Deputies J. Alcantar, D. Austin, and K. Rice; and Jane Doe Wexford Health staff member. (Doc. 1.) Before the court is the Pinal County Defendants' motion to dismiss, to which Kane did not respond. (Doc. 34.) Also before the court is a report and recommendation issued by the magistrate judge recommending dismissal of all other named defendants for failure to serve pursuant to Federal Rule of Civil Procedure 4(m), to which Kane has not objected. (Doc. 44.) The court will grant the motion and adopt the R&R.

**I.     Background**

Kane's claims arose during his arrest in Maricopa, Arizona. (Doc. 1 at 1.) Kane alleged defendant Officer Luis knew that Kane had a shoulder injury but replaced double cuffs restraining Kane with one set of cuffs, which were extremely tight and caused pain.

(Doc. 1 at 4.) Kane alleged his pleas for relief were ignored, and when he was moved to the Pinal County Detention Center, Officers Morales, Alcantar, Austin, and Rice also refused to provide any relief. (Doc. 1 at 4.) Kane alleged the tight handcuffing caused him to suffer nerve damage to his shoulder and arms. (Doc. 1 at 4.) Kane further alleged that he was screaming for help due to the pain from the tight handcuffs and asked an unnamed female medical staff member to relieve the pain, but she refused to assist (and also refused to provide him his medically necessary glasses). (Doc. 1 at 5.)

Kane alleged that he was denied access to soap and toilet paper and locked in a room with no toilet or water while held at the Pinal County Detention Center. (Doc. 1 at 3.) Lastly, Kane alleged defendants created a false identity utilizing a name that is no longer active. (Doc. 1 at 8.) Kane explained he legally changed his name 20 years ago but unspecified defendants refused to acknowledge his legal name. (Doc. 1 at 8.)

Based on these allegations, Kane asserted four counts for relief, including claims for the denial of basic necessities, excessive force, and the denial of medical care. (Doc. 1 at 3–5.) Kane sought disciplinary action, damages, a public apology on a news station, and officer retraining. (Doc. 1 at 6.)[1]

On March 5, 2024, Pinal County Defendants—the PCDC, the Pinal County Sheriff's Office, and Alcantar, Austin, Rice, and Morales—moved to the dismiss the claims against them claiming (1) Kane failed to timely serve them, (2) the Pinal County Sheriff's Office is a non-jural entity incapable of being sued, (3) the PCDC is a building incapable of being sued, (4) Kane's complaint failed to comply with Rule 8, and (5) the complaint fails to state a claim against them. (Doc. 34.)

Kane did not file a response to the Pinal County Defendants' motion to dismiss.

In an order issued May 16, 2024, the court granted Kane additional time to respond to the motion to dismiss and set a response deadline for May 30, 2024. (Doc. 36 at 4–5.) Kane still did not respond to the motion to dismiss.

---

[1] The court previously noted that it appeared part of the events giving rise to Kane's claims occurred in the PCDC but that Kane had been released. (Doc. 4 at 1 n.2.)

On July 12, 2024, Kane filed a motion for leave to file a First Amended Complaint. (Doc. 38.) In his motion, Kane referred to the motion to dismiss and asserted that "making this first motion for leave to amend his complaint would provide the Court and the defendants a more clear statement of his claims and resolution more expedient." (Doc. 38 at 2.)

On August 7, 2024, the court denied without prejudice Kane's motion for leave to file First Amended Complaint due to Kane's failure to comply with Federal Rule of Civil Procedure 15(a)(2) and Local Rule of Civil Procedure 15.1. (Doc. 41 at 2–3.)

On September 3, 2024, the magistrate judge ordered Kane to show cause within fourteen days why the action should not be dismissed as against defendants Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, and Burns because Kane had provided no evidence of service. (Doc. 42.) Ten days later, the magistrate judge issued an order requiring Kane to show cause why the action should not also be dismissed against the unnamed female Wexford Health medical professional for failure to comply with Rule 4(m). (Doc. 43.) Kane did not respond to either order.

On October 18, 2024, the magistrate judge issued an R&R recommending the action be dismissed against Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and the unnamed female Wexford Health medical professional. (Doc. 44.) The R&R noted Kane had made no effort to show good cause for failing to serve any of those defendants and, analyzing the record, none appeared to exist. (Doc. 44 at 5-7.) The R&R notified Kane he had 14 days to file written objections. (Doc. 44 at 7.) Kane filed none.

Thus, Kane has not filed a response to the Pinal County Defendants' motion to dismiss, the R&R recommending dismissal of all other defendants, or any other filings since his motion for leave to file First Amended Complaint.

**II.  Discussion**

    **A. Pinal County Defendants' Motion to Dismiss**

Under Local Rule of Civil Procedure 7.2(i), a party's failure to file a response to a motion may be deemed a consent to the granting of the motion and the court may dispose

- 3 -

of the motion summarily. *See Wystrach v. Ciachurski*, 267 F. App'x 606, 607 (9th Cir. 2008) ("[t]he court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond"); *Doe v. Dickenson*, No. CV-07-1998-PHX-GMS, 2008 WL 4933964, at *5 (D. Ariz. 2008) ("[t]he Court is entitled to treat Plaintiffs' failure to respond as waiver of the issue and consent to Defendants' argument"); *Currie v. Maricopa Cnty. Cmty. College Dist.*, No. CV-07-2093-PHX-FJM, 2008 WL 2512841, at *2 n.1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion").

In its May 16, 2024 order extending the time for Kane to file a response to the Pinal County Defendants' motion to dismiss, the court informed Kane of Local Rule 7.2(i) and that his failure to respond to the motion may be construed as a consent to the granting of the motion. (Doc. 36 at 5.)

Defendants' motion to dismiss was filed over eight months ago. (Doc. 34.) To date, Kane has not responded to the motion, despite being granted an extension. Nor has Kane sought an additional extension or filed a new motion for leave to amend his complaint.

Accordingly, the court will construe Kane's failure to respond as a consent to the granting of the motion. The motion to dismiss will be granted, and the claims against the Pinal County Defendants will be dismissed without prejudice.

### B.  R&R Recommending Dismissal of all other Defendants

The R&R warned Kane that a failure to timely file objections could result in this court accepting the R&R without further review. (Doc. 44 at 7.) He nonetheless failed to file an objection. Therefore, the R&R is adopted in full. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]istrict courts are not required to conduct any review at all . . . of any issue that is not the subject of an objection.").

Accordingly,

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is withdrawn as to the Pinal County

1  Defendants' Motion to Dismiss (Doc. 34).

2  (2) Pinal County Defendants' Motion to Dismiss (Doc. 34) is **granted**; the claims against the Pinal County Sheriff's Office, the Pinal County Detention Center, and Pinal County Sheriff's Deputies J. Alcantar, D. Austin, and K. Rice are **dismissed** without prejudice.

(3) The Pinal County Sheriff's Office, the Pinal County Detention Center, and Pinal County Sheriff's Deputies J. Alcantar, D. Austin, and K. Rice are **dismissed** as Defendants.

(4) The report and recommendation (Doc. 44) is **adopted** in full. The Maricopa Police Department, Louis, Ewald, Benoit, Chavez, Nolasco, Burns, and the unnamed female Wexford Health medical professional are **dismissed** as Defendants without prejudice.

(5) Because no defendants remain, the complaint (Doc. 1) is **dismissed** without prejudice. The Clerk of Court is directed to enter a judgment of dismissal without prejudice.

Dated this 19th day of November, 2024.

Honorable Krissa M. Lanham
United States District Judge